UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ALEJANDRO HERNANDEZ, | ) Case No. 5:21-cv-01652-JWH-JC<br>)<br>) ORDER TO SHOW CAUSE WHY THIS<br>) ACTION SHOULD NOT BE DISMISSED |
| Petitioner, | |
| v. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

## I.  PROCEEDINGS

On September 27, 2021, petitioner George Alejandro Hernandez, a detainee awaiting trial at the Robert Presley Detention Center in Riverside, California, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus with attached pages ("Petition"). (Docket No. 1). The Petition is directed to the "Supreme Court of California" in Washington, D.C., and has been stamped received by the Office of the Clerk of the United States Supreme Court. (Petition at 1).[1] The Petition purports to challenge, *inter alia*, jail conditions and convictions/sentences in three

---

[1] A search of the Supreme Court docket available online at https://www.supremecourt.gov/docket/docket.aspx did not yield any results for petitioner.

separate Riverside County Superior Court criminal cases – Case Nos. BAF2000069, RIM1607083, and BAF1900127. (Petition at 2). The Petition is difficult to read and not a model of clarity but appears to allege that: (1) in Case No. BAF2000069 petitioner's constitutional rights were violated by deliberate government interference with his confidential relationship with his defense counsel; (2) in Case No. BAF1900127 petitioner's constitutional rights were violated by "false claims reporting violation of probation conditions"; and (3) in Case No. RIM1607083 petitioner's constitutional rights were violated by an unreasonable search and seizure. (Petition at 3). Petitioner also generally alleges that his pretrial housing is "improper" and that he has suffered multiple assaults and head trauma in detention for which he has received negligent, inadequate or improper medical treatment, and that peace officers violated his civil rights by administering a blood test by force following a traffic collision in which petitioner was injured. (Petition at 3-4, 6). Petitioner indicates that he has not appealed his conviction, sentence or commitment, has not sought review from the California Supreme Court, and has not sought administrative review. (Petition at 5-6 (noting his wish to have the United States Supreme Court "launch an investigation before any conviction")). Petitioner also indicates that he is represented by counsel in his pending state court proceedings. (Petition at 6). Petitioner has attached to the Petition: (1) copies of letters and notes addressed to various people and a letter to the United States Supreme Court about his case; (2) a Riverside County Jail Inmate Grievance Form complaining of head injuries from multiple assaults; and (3) non-conformed copies of a petition for writ of certiorari and a motion for leave to proceed *in forma pauperis* directed to the United States Supreme Court dated August 9, 2021. (Petition at CM/ECF page nos. 7-36).

**II. DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") allows a district court to dismiss a petition if it

"plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4 of the Habeas Rules. Based upon the Petition and the pertinent law, and for the reasons discussed below, the Court orders petitioner to show cause why the Petition and this action should not be dismissed.

### A. The Petition Fails to Name a Proper Respondent

A petitioner seeking federal habeas relief must name the proper respondent. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citations omitted). A petitioner seeking habeas corpus relief must name the official having custody of him as the respondent to the petition. See 28 U.S.C. §§ 2242, 2243; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (the custodian is "the person with the ability to produce the prisoner's body before the habeas court"; internal quotation marks omitted). Where a petitioner is a state pretrial detainee, as here, the proper respondent is the Sheriff as the immediate custodian. See Devaughn v. Cooley, 2009 WL 224060, at *2 (C.D. Cal. Jan. 29, 2009) (citations omitted).

Here, petitioner improperly names the People of the State of California as respondent. Petitioner's failure to name a proper respondent subjects the Petition to dismissal for lack of personal jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. Cir.), cert. denied, 398 U.S. 914 (1970).

### B. The Petition Appears to Challenge Multiple Judgments

To the extent the Petition intends to challenge the judgments in Riverside County Superior Court Case Nos. BAF2000069, RIM1607083, and BAF1900127, it violates Rule 2(e) of the Habeas Rules which provides: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."

### C. The Petition Appears to Be Unexhausted

As noted above, the Petition affirmatively reflects that petitioner has not exhausted his claims which may challenge his convictions and/or sentences by filing them first with the state courts. (Petition at 5). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000).

Title 28, United States Code, section 2254(b)(1), explicitly provides that a habeas petition brought by a person in state custody shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Exhaustion requires that a petitioner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See Baldwin v. Reese, 541 U.S. 27, 29 (2004); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

Generally, a claim has not been fairly presented if it has been raised "in a procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351 (1989). If, however, it is clear that a claim is procedurally barred under state law, then no state remedies remain available and the requisite exhaustion exists. See Castille v. Peoples, 489 U.S. at 351-52; Johnson v. Zenon,

88 F.3d 828, 831 (9th Cir. 1996). Here, while petitioner has included with the Petition a copy of a petition for certiorari addressed to the United States Supreme Court, such a petition will not exhaust any claims that petitioner may raise concerning the Riverside County Superior Court judgments. On the current record, it appears that the Petition is unexhausted and therefore subject to dismissal. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.") (citation omitted).

### D. The Petition Appears to Raise a Non-Cognizable Fourth Amendment Claim Challenging a California Criminal Proceeding

To the extent petitioner intends to claim that in Riverside County Superior Court Case No. RIM1607083, his Fourth Amendment rights were violated by an unreasonable search and seizure, such claim is not cognizable in federal habeas proceedings and is subject to dismissal on such basis.

Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. See Stone v. Powell, 428 U.S. 465, 494 (1976); Newman v. Wengler, 790 F.3d 876, 878 (9th Cir. 2015) (Stone survived the passaged of the Antiterrorism Effective Death Penalty Act and bars a Fourth Amendment claim on federal habeas review where a petitioner had a full and fair opportunity in state court to litigate such claim). California affords criminal defendants the opportunity for full and fair litigation of Fourth Amendment claims. Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990). "The relevant inquiry is whether the petitioner had the opportunity to litigate his claim, not whether he did in fact do so or whether the claim was correctly decided." Ortiz-Sandoval v. Gomez, 81 F.3d at 899 (citations omitted).

### E. Petitioner's Challenges to the Conditions of His Confinement Are Not Cognizable on Federal Habeas Review and Are More Properly Raised in a Civil Rights Action

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under. . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release," Heck v. Humphrey, 512 U.S. 477, 481 (1984); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."), while "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus[,]" *i.e.*, claims that do not "challenge[ ] the fact or duration of the conviction or sentence[.]" Nettles, 830 F.3d at 927, 934; see also Muhammad, 540 U.S. at 750 ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." (citation omitted)).

Here, to the extent petitioner is seeking to assert claims which challenge the conditions of his current confinement and the medical treatment he has received while in custody, such claims do not raise a core habeas claim, are not cognizable on federal habeas review, and are inappropriately joined with petitioner's challenges to the state court judgments in Riverside County Superior Court Case Nos. BAF2000069, RIM1607083, and BAF1900127. Nettles, 830 F.3d at 927; see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction

is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."), cert. denied, 541 U.S. 1063 (2004); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus proceedings are the proper mechanism for challenging the legality or duration of confinement, while a civil rights action is the proper method to challenge conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement.  Crawford's petition . . . alleges that the terms and conditions of his incarceration constitute cruel and unusual punishment, violate his right to due process, and invade his constitutionally protected privacy.  The appropriate remedy for such constitutional violations, if proven, would be a judicially mandated change in conditions and/or an award of damages, but not release from confinement." (citations omitted)).[2]

---

[2] Although a district court, after notifying and obtaining informed consent from a prisoner, may construe a habeas petition to plead a civil rights claim if the petition is amenable to conversion on its face, see Nettles, 830 F.3d at 935-36, the Court should decline to do so here.  A "'habeas corpus action and a prisoner civil rights suit differ in a variety of respects – such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings – that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus.'" Id. (citation omitted).  In this case, the Petition is not amenable to conversion on its face since it names neither the correct defendants nor seeks relief appropriate for a civil rights complaint.  See id. at 936 ("'If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'"  (citation omitted)).  Indeed, petitioner has not clearly identified any specific "defendants," and the named respondent – the People of the State of California (see Petition at 1) – is immune from suit in a Section 1983 action.  See Dittman v. State of California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]'" (citation omitted)), cert. denied, 530 U.S. 1261 (2000).

7

In light of the foregoing, any claims petitioner may be seeking to raise challenging the conditions of his confinement in these habeas proceedings are subject to dismissal.

## III.   CONCLUSION AND ORDER

In light of the foregoing, petitioner is ORDERED TO SHOW CAUSE by not later than **November 17, 2021**, why the Petition and this action should not be dismissed on the foregoing bases.  Petitioner is advised that he has the right to submit declarations, affidavits, or any other relevant evidentiary materials with his response to this Order to Show Cause.  All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.

Instead of filing a response to the instant Order to Show Cause, petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  If he elects to proceed in that manner, he may sign and return the attached Notice of Dismissal.  However, petitioner is advised that any dismissed claims may later be subject to dismissal with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause and/or to show good cause may result in the dismissal of the Petition and this action based on one or more of the deficiencies in the Petition**

///
///
///
///
///
///
///
///

**identified above, petitioner's failure to comply with the Court's order, and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[3]

DATED: October 27, 2021

                                                /s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

Attachment

---

[3] The Court's determinations and order herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.